IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MICHAEL DIXON,**

       **Petitioner,**

v.   No. CV 13-148 MV/LAM

**TIMOTHY HATCH, et al.,**

       **Respondents.**

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Petitioner Michael Dixon's 28 U.S.C. § 2254 petition [*Doc. 1*], filed February 14, 2013. Respondents filed their answer to the petition on March 21, 2013. [*Doc. 6*]. On April 18, 203, United States District Judge Martha Vázquez referred the claims raised in the petition to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary. [*Doc. 7*]. Having considered the parties' submissions, relevant law, and the record in this case, the undersigned recommends, for the reasons set forth below, that Petitioner's ***Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody*** *(Doc. 1)* be **DISMISSED without prejudice**.

Because the issues in this case can be resolved on the record before the Court, the Court **FINDS** that an evidentiary hearing is unnecessary. *See Anderson v. Attorney General of Kansas*,

---

[1]Within fourteen (14) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the Clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.

425 F.3d 853, 858-59 (10th Cir. 2005) (evidentiary hearing unnecessary if § 2254 habeas claim can be resolved on the record).

Petitioner raises the following claims: (1) that the trial court abused its discretion by denying Petitioner's motion that the state disclose the identity of its confidential informant without first conducting an *in camera* hearing (*Doc. 1* at 16-17); (2) that the prosecution failed to timely disclose exculpatory evidence (the existence of the confidential informant) (*id.* at 18-19); and (3) that there was a conflict of interest in the public defender's office representing both Petitioner and the confidential informant (*id.* at 10). Petitioner asks the Court to either overturn his conviction or remand his case for a new trial. *Id.* at 19.

## *I. Procedural Background*

On May 7, 2010, Petitioner was found guilty of one count of Trafficking Controlled Substance, a second-degree felony, in violation of N.M.S.A. 1978 § 30-31-20(A)(2). [*Doc. 6-1*, Exhibit A at 1] (*Judgment and Sentence Commitment to the Penitentiary* entered in the state district court). On June 13, 2011, Petitioner was found to be a habitual offender with one prior felony conviction, and was sentenced to a total term of imprisonment of ten (10) years. *Id.* at 2. Upon completion of imprisonment, Petitioner will be placed on mandatory parole for a period of two (2) years. *Id.* Petitioner also received pre-sentence confinement credit for time served prior to his transfer to the New Mexico Corrections Department. *Id.* at 3.

On August 2, 2011, Petitioner appealed his conviction to the New Mexico Court of Appeals. [*Doc. 6-1*, Exhibits B (*Notice of Appeal*) and C (*Docketing Statement*)]. On October 21, 2011, the New Mexico Court of Appeals issued a *Notice [of] Proposed Summary Disposition*, proposing affirmance of Defendant's conviction. [*Doc. 6-1*, Exhibit D]. Defendant filed a *Memorandum in Opposition to Proposed Summary Affirmance* (*Doc. 6-1*, Exhibit E), and, on January 10, 2012, the

New Mexico Court of Appeals issued a *Memorandum Opinion* affirming Defendant's conviction (*Doc. 6-1*, Exhibit F). On February 1, 2012, Petitioner filed a petition for writ of certiorari with the New Mexico Supreme Court regarding the New Mexico Court of Appeals' opinion. [*Doc. 6-1*, Exhibit G]. On February 27, 2012, the New Mexico Supreme Court denied the petition. [*Doc. 6-1*, Exhibit H]. On July 23, 2012, Petitioner filed a *pro se Petition for Writ of Habeas Corpus* with the state district court (*Doc. 6-2*, Exhibit J), and the state district court dismissed the petition on August 21, 2012 (*Doc. 6-2*, Exhibits K and L). On February 14, 2013, Petitioner filed his petition for federal habeas relief in this Court, initiating this proceeding. [*Doc. 1*].

## II. *Petitioner's Section 2254 Claims*

Petitioner raises the following grounds for relief in his petition: (1) that the trial court abused its discretion by denying Petitioner's motion that the state disclose the identity of its confidential informant without first conducting an *in camera* hearing (*Doc. 1* at 16-17); (2) that the prosecution failed to timely disclose exculpatory evidence (the existence of the confidential informant) (*id.* at 18-19); and (3) that there was a conflict of interest in the public defender's office representing both Petitioner and the confidential informant (*id.* at 10). In their response, Respondents contend that Petitioner has filed a mixed petition containing both exhausted and unexhausted claims. [*Doc. 6* at 1]. Respondents contend that Petitioner has not exhausted his claim that there was a conflict of interest in the public defender's office representing both the confidential informant and Petitioner, because this claim was not raised in Petitioner's state-court proceedings. *Id.* at 4. Respondents also note that Petitioner did not file a petition for writ of certiorari with the New Mexico Supreme Court regarding his state habeas petition, so Respondents question whether Petitioner's claim that the prosecution did not disclose exculpatory evidence is now procedurally defaulted. *See id.* at 4, n.1. Respondents state that the Court can either: (1) dismiss the mixed petition in its entirety; (2) stay

the petition and hold it in abeyance while Petitioner returns to state court to raise the unexhausted claims; (3) permit Petitioner to dismiss the unexhausted claims and proceed with his exhausted claims; or (4) ignore the exhaustion requirement and deny the petition if none of the claims have any merit.  *Id.* at 7 (citing *Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009)).  Respondents ask the Court to proceed under option (1) so that Petitioner can file a state habeas petition with respect to his unexhausted claim.  [*Doc. 6* at 7-8].

"Pro se pleadings are to be construed liberally."  *Sines v. Wilner*, 609 F.3d 1070, 1074 (10th Cir. 2010) (citation omitted).  Despite liberal construction of a *pro se* litigant's pleadings, however, courts cannot "assume the role of advocate" for him.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted); *see also Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992) (citation omitted).  Courts "are not required to fashion [a *pro se* party's] arguments for him where his allegations are merely conclusory . . . and without supporting fact[s]."  *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citation omitted). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."  *Hall*, 935 F.2d at 1110 (citations omitted).  Because Petitioner is a *pro se* litigant, the Court construes his allegations in his petition liberally.

### III. *Exhaustion of State Court Remedies*

A state prisoner must generally exhaust available state court remedies before a federal court can consider the prisoner's habeas petition under 28 U.S.C. § 2254.  *See* 28 U.S.C. § 2254(b)(1)(A); *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002).  "The [exhaustion] doctrine reflects the policies of comity and federalism between the state and federal governments, a recognition that it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation."  *Demarest*

*v. Price*, 130 F.3d 922, 932 (10th Cir. 1997) (citation and internal quotation marks omitted). The exhaustion requirement is considered satisfied "if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) (citation omitted). In addition, the petitioner must "fairly present his or her claims to the state courts before a federal court will examine them," which means that the "substance of the claim" must have been raised before the state court either on appeal or in post-conviction proceedings. *Demarest*, 130 F.3d at 932 (citation and internal quotation marks omitted). A petitioner may present "bits of evidence" to a federal court that were not presented to the state court; however, "evidence that places the claims in a significantly different legal posture must first be presented to the state courts." *Id.* (citation and internal quotation marks omitted); *see also Jones v. Hess*, 681 F.2d 688, 694 (10th Cir. 1982) (explaining that a claim is not exhausted if it is "in a significantly different and stronger posture than it was when the state courts considered it").

The Court finds that Petitioner has exhausted his claims that the trial court abused its discretion by denying, without first conducting an *in camera* hearing, Petitioner's motion that the state disclose the identity of its confidential informant, and that the prosecution failed to timely disclose the existence of the confidential informant, because those claims were fairly presented to the state courts on Petitioner's direct appeal. *See* [*Doc. 6-1*, Exhibit C at 8] (Petitioner's docketing statement on direct appeal), [*Doc. 6-1*, Exhibit E at 23-26] (Petitioner's memorandum in opposition of proposed summary affirmance of conviction regarding direct appeal), and [*Doc. 6-1*, Exhibit G at 42-46] (Petitioner's petition for writ of certiorari regarding direct appeal). While Petitioner's claim that the prosecution failed to timely disclose the confidential informant was not explicitly raised in his direct appeal, the Court finds that the substance of this claim was presented to the state

courts because it was discussed in Petitioner's briefs in his direct appeal. *See* [*Doc. 6-1*, Exhibit E at 23] and [*Doc. 6-1*, Exhibit G at 42] (discussing the state's duty to disclose confidential informants, and stating that the state disclosed the existence of the confidential informant on "the eve of trial"). Therefore, the state courts were apprised of the timing of the disclosure of the confidential information, and Petitioner's framing of the claim in this case does not place it in a significantly different or stronger posture than it was when the state courts considered it. The Court, therefore, finds that this claim has been exhausted. However, Petitioner has not raised before the state courts his claim that there was a conflict of interest in the public defender's office representing both Petitioner and the confidential informant, so this claim has not been exhausted.

### *IV. Procedural Default*

Based on the foregoing, the Court finds that Petitioner has filed a mixed petition with both exhausted (Claims One and Two) and unexhausted (Claim Three) claims. When a federal district court is presented with a mixed petition, it "may either (1) dismiss the entire petition without prejudice in order to permit exhaustion of state remedies, or (2) deny the entire petition on the merits." *Moore v. Schoeman*, 288 F.3d 1231, 1235 (10th Cir. 2002) (footnote omitted). In limited circumstances, a federal court may stay a mixed petition and hold it in abeyance pending exhaustion of state court remedies. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). However, stay and abeyance is appropriate only if the petitioner demonstrates good cause for the failure to exhaust, the unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 278. The Court finds that Petitioner has made no showing that he meets the requirements for a stay of his petition because he has not presented good cause for his failure to exhaust his claims in state court and he has not made a showing that his claims are potentially meritorious. While Petitioner states that he only recently learned that the

confidential informant was represented by the public defender's office (*Doc. 1* at 10-11), that does not explain why Petitioner has not presented this claim to the state courts in a habeas petition. The Court, therefore, finds that a stay and abeyance is not appropriate in this case.

The Court must therefore decide whether to recommend: (1) dismissal of the entire petition without prejudice; (2) permitting Petitioner to dismiss the unexhausted claim and proceed with the exhausted claims; or (3) denial of the entire petition on the merits notwithstanding Petitioner's failure to exhaust all of his claims. When a petitioner has failed to fulfill the exhaustion requirement, a court will generally choose the option of dismissing the petition without prejudice to allow the petitioner to exhaust state remedies. *Demarest*, 130 F.3d at 939 (citations omitted). "However, in considering unexhausted claims, federal courts should consider whether, upon dismissal of the claims, the petitioner would then be able to raise them in the state courts." *Id.* "[I]f the court to which Petitioner must present his claims in order to meet the exhaustion requirement would now find those claims procedurally barred, there is a procedural default for the purposes of federal habeas review." *Dulin v. Cook*, 957 F.2d 758, 759 (10th Cir. 1992) (citation omitted). A federal court will not consider defaulted claims unless (1) the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice (*Smallwood v. Gibson*, 191 F.3d 1257, 1268 (10th Cir. 1999) (citation and internal quotation marks omitted)), or (2) if the Court determines that the claims can more easily be resolved on the merits (*see* § 2254(b)(2) (providing that a federal court may deny a habeas petition on the merits, notwithstanding the failure to exhaust state remedies), *see also Romero v. Furlong*, 215 F.3d 1107, 1111 (10th Cir. 2000) (declining to address complex procedural bar because case could be more easily and succinctly affirmed on the merits)).

Although Respondents state in a footnote that they "question whether [Petitioner's] claim for discovery violations is now procedurally defaulted," because Petitioner did not file a petition for

writ of certiorari with the New Mexico Supreme Court following the dismissal of his state habeas petition (*Doc. 6* at 4, n.1), the issue of procedural default only arises when the Court considers how to deal with <u>unexhausted</u> claims.  *See Demarest*, 130 F.3d at 939 ("[I]n considering <u>unexhausted</u> claims, federal courts should consider whether, upon dismissal of the claims, the petitioner would then be able to raise them in the state courts.") (emphasis added).  The Court has found that Petitioner's claim regarding the state's disclosure of the confidential informant has been <u>exhausted</u> because it was properly presented to the state courts in Petitioner's direct appeal, so Respondents' question of whether this claim is procedurally defaulted is without merit.

Because the Court has found that Claim Three has not been exhausted, it must consider whether that claim has been procedurally defaulted.  The Court finds that Claim Three is not procedurally defaulted because Petitioner may be able to raise the claim in a second state habeas petition.  There is no statute of limitations in New Mexico that would prevent Petitioner from bringing this unexhausted claim in a second state habeas petition.  *See State v. Sutphin*, 2007-NMSC-045, ¶ 12, 142 N.M. 191, 164 P.3d 72 (2007).  Ordinarily "New Mexico state courts will not consider any issues raised in a second post-conviction proceeding which could have been raised in the first proceeding."  *Harris v. Williams*, No. 00-2183, 5 Fed. Appx. 831, 833, 2001 WL 201962 (10th Cir. Feb. 28, 2001) (unpublished) ("[G]rounds omitted in the prior proceedings are deemed waived.") (quoting *State v. Gillihan*, 86 N.M. 439, 524 P.2d 1335, 1336 (N.M. 1974)).  However, here, Petitioner contends that he only recently learned that the confidential informant was represented by the public defender's office (*Doc. 1* at 10-11), so New Mexico courts may find that Petitioner may not have been able to raise the issue in his first state habeas proceeding and the claim may not be precluded from state review.  Even if this claim is likely to be dismissed by the state courts, this Court should refrain from ruling on it until the state courts have had an

opportunity to hear it. *See Demarest*, 130 F.3d at 939 (stating that courts should generally choose the option of allowing petitioner to exhaust state remedies when those claims are not procedurally barred); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (explaining that both the exhaustion requirement and the doctrine of procedural default are "grounded in principles of comity," and that "in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights"), *Banks v. Horn*, 126 F.3d 206, 211 (3rd Cir. 1997) (advising federal courts to exercise caution before finding a claim procedurally barred where the possibility of state review exists "even if it is not likely that the state court will consider petitioner's claim on the merits"), and *Burgin v. Broglin*, 900 F.2d 990, 995 (7th Cir. 1990) (finding that where uncertainty exists regarding the availability of state remedies and further exhaustion is required, the better course is to require petitioner to explore the possibility that state remedies exist). Because there is still a possibility of state review of Claim Three, the Court finds that this claim is not procedurally defaulted.

For the foregoing reasons, the Court recommends that Petitioner's petition should be dismissed without prejudice and Petitioner may either amend his petition to delete his unexhausted claim (Claim Three), or exhaust this claim at the state level. If Petitioner chooses to amend his petition, he should be aware that he risks the dismissal of a subsequent federal habeas petition which again raises the unexhausted claim which he would be abandoning. *See Tapia v. LeMaster*, 172 F.3d 1193, 1195 (10th Cir. 1999) (explaining that a petitioner who opts to have only exhausted claims heard is considered to have abandoned the unexhausted claims, and a subsequent petition containing those claims will be barred as a successive petition if he is unable to meet the requirements for filing another petition). Alternatively, if Petitioner chooses not to amend his petition, then his petition should be dismissed in its entirety, without prejudice, to allow him to

exhaust his previously unexhausted claim in the state courts. If he chooses this option, Petitioner should bear in mind that the one-year statute of limitation under AEDPA still applies to all of the grounds in his petition, including those that have been exhausted as well as those that are unexhausted, and thus, he risks losing the opportunity to present all of these grounds at a later date as they may all be time barred. *See Rhines*, 544 U.S. at 275. Moreover, the one-year limitation period is not tolled by the pendency of this federal habeas proceeding. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that federal habeas proceedings do not toll the one-year limitation period). If Petitioner wishes to proceed with the underlying petition solely on his exhausted claims (Claims One and Two), in order to avoid having to re-file the petition, he must file, ***within the 14-day period allotted for the filing of objections to these findings***, an amended petition which includes only his exhausted claims. If Petitioner does not file an amended petition within the 14-day objection period, his entire petition will be dismissed without prejudice to allow him to pursue his unexhausted claim in state court.

### RECOMMENDED DISPOSITION

For the foregoing reasons, the undersigned recommends that Petitioner's ***Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1)*** be **DISMISSED WITHOUT PREJUDICE** on the grounds that all of the claims raised in the petition have not been exhausted. The Court has found that Petitioner has exhausted his claims that: (1) the trial court abused its discretion by denying Petitioner's motion that the state disclose the identity of its confidential informant without first conducting an *in camera* hearing; and (2) the prosecution failed to timely disclose the existence of the confidential informant. The Court further found that Petitioner has not exhausted his claim that there was a conflict of interest in the public defender's office representing both Petitioner and the confidential informant. ***If Petitioner wishes to proceed***

*with the underlying petition <u>solely on the claims the Court has found to be exhausted</u>, he must file an amended petition for writ of habeas corpus which includes <u>only</u> these exhausted claims within the 14-day period allotted for the filing of objections to these findings.*

*Lourdes A. Martínez*
**HONORABLE LOURDES A. MARTÍNEZ**
**United States Magistrate Judge**